UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE A. BAR-LEVY, et al.,

                         Plaintiffs,

         -against-

CONSTABLE JOANNE GEROW, et al.,

                         Defendants.

**ORDER**

18-CV-09454 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiffs Jorge A. Bar-Levy ("Bar-Levy") and Lenis Pagan ("Pagan" and collectively "Plaintiffs"), proceeding *pro se*, commenced this action on October 16, 2018 and allege generally that Defendants Constable Joanne Gerow, the Town of Liberty, and [Seven] Unknown Town Officers (collectively "Defendants") violated Plaintiffs' constitutional rights. (Doc. 1). On June 4, 2019, Defendants moved to dismiss this action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Docs. 11-14). Plaintiffs never opposed the motion.

On February 19, 2020, Judge Nelson S. Román issued an Opinion & Order granting Defendants' motion and dismissing the action. (Doc. 15). Although Judge Román dismissed the action, he nevertheless granted Plaintiffs leave to file an Amended Complaint. Specifically, Judge Román advised:

> Plaintiffs are granted leave to file an Amended Complaint, consistent with this Opinion and Order, as to any claims that have not been dismissed with prejudice. Plaintiffs will have until April 6, 2020 to file their Amended Complaint. Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in the dismissal of the remainder of Plaintiffs' complaint with prejudice.

(*Id*. at 13). This matter was reassigned to me on April 3, 2020. (Apr. 3, 2020 Entry).

As of October 19, 2020—more than six months after the deadline imposed by Judge Román—Plaintiffs had not filed their Amended Complaint or, in fact, any document. Moreover, the copy of Judge Román's Opinion & Order mailed to Bar-Levy was returned to the Court with the following notation on the envelope: "Return To Sender Box Closed Unable To Forward Return To Sender." (Mar. 12, 2020 Entry). Accordingly, on October 19, 2020, the Court issued an Order to Show Cause warning Plaintiffs that this action would be dismissed under Federal Rule of Civil Procedure 41(b) unless, on or before November 18, 2020, "Plaintiffs show[ed] cause in writing . . . why this action should not be dismissed with prejudice for want of prosecution . . . ." (Doc. 16 at 3). The Court instructed the Clerk of the Court to mail copies of the Order to Show Cause to Plaintiffs. (*Id.*). The envelope sent to Bar-Levy was returned with the notation, "Return to Sender Box Closed Unable To Forward Return To Sender," and the mailing sent to Pagan was returned with the notation, "Return To Sender Not Deliverable As Addressed Unable To Forward." (Oct. 23, 2020 Entry; Nov. 10, 2020 Entry).

## **STANDARD OF REVIEW**

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v.*

2

*Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing

*pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh

remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d

206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.

1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S.

626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under

Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the
> court order, (2) whether [the] plaintiff was on notice that
> failure to comply would result in dismissal, (3) whether the
> defendants are likely to be prejudiced by further delay in the
> proceedings, (4) a balancing of the court's interest in
> managing its docket with the plaintiff's interest in receiving
> a fair chance to be heard, and (5) whether the judge has
> adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d

212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut*

*Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed

"as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v.*

*Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d

458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to

dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v.*

*Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims

diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

<u>**ANALYSIS**</u>

The Court finds that dismissal of Plaintiffs' action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiffs failed to comply with two separate orders over more than six months. On February 19, 2020, Judge Román dismissed the action without prejudice and granted Plaintiffs to file an Amended Complaint by April 6, 2020 or risk dismissal with prejudice. (Doc. 15 at 13). No Amended Complaint has been filed. More than six months later, on October 19, 2020, the Court issued an Order to Show Cause directing Plaintiffs to "show cause in writing on or before November 18, 2020, why this action should not be dismissed with prejudice for want of prosecution" under Rule 41(b). (Doc. 16 at 3). Now, more than a month after the final deadline, no response has been filed; in fact, Plaintiffs have not filed anything in this action since filing the Complaint over two years ago. Compounding these failures, the docket reflects no less than five instances where copies of documents mailed to Plaintiffs were returned to the Court as undeliverable. (*See* Mar. 6, 2019 Entries; Mar. 12, 2020 Entry; Oct. 23, 2020 Entry; Nov. 10, 2020 Entry). Plaintiffs' failure to file an Amended Complaint or respond to the Order to Show Cause over more than six months—separate and apart from Plaintiffs' failure to ensure that the Court has their current addresses for mail service—is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018).

Second, Plaintiffs have twice been warned that failure to pursue this action would result in dismissal with prejudice. Judge Román warned Plaintiffs that failure to file an "Amended Complaint within the time allowed . . . will result in dismissal . . . with prejudice" (Doc. 15 at 13), and the Order to Show Cause directed Plaintiffs to "show cause in writing . . . why this action should not be dismissed with prejudice" and warned that failure to respond would result in dismissal (Doc. 16 at 3). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiffs have not complied with the Court's directives and, based upon the docket, have not taken any steps to advance this matter over more than six months despite Orders permitting them to do so.

Fourth, the Court has balanced the need to alleviate court congestion with Plaintiffs' right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since February 19, 2020, the Court has issued two Orders advising Plaintiffs that the case would be dismissed if they did not respond; Plaintiffs have not responded, have not filed an Amended Complaint, have not updated their addresses, and there is no reason to believe that they intend to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, Plaintiffs appear to have abandoned the litigation, dismissal is proper. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## **CONCLUSION**

Based upon the foregoing and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED with prejudice. The Clerk of the Court is respectfully directed to terminate this action and mail a copy of this Order to Plaintiffs.

**SO ORDERED:**

Dated:   New York, New York
        December 30, 2020

_____
PHILIP M. HALPERN
United States District Judge